NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE M. PLAZA, | ) | No. C 08-1589 JF (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| BEN CURRY, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Parole Hearings' decision denying him parole. Petitioner has paid the filing fee. The Court orders Respondent to show cause as to why the petition should not be granted.

**STATEMENT**

In 1991, Petitioner was sentenced to twenty-five years-to-life in state prison after his first degree murder conviction in the Los Angeles Superior Court. Petitioner challenges the Board of Parole Hearings' ("Board") decision denying him parole after his May 1, 2006 parole suitability hearing. Petitioner filed habeas petitions in the state superior court, state appellate court and state supreme court, all of which were denied as

of January 23, 2008. Petitioner filed the instant federal habeas petition on March 24, 2008.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

As grounds for federal habeas relief, Petitioner alleges: (1) California Penal Code § 3041(b) creates a liberty interest at a parole suitability hearing and a "reasonable" expectation of a release date based on the commanding word "shall;" and (2) the Board violated Petitioner's due process and equal protection rights under the Fifth and Fourteenth Amendments by misapplying parole suitability criteria and applying arbitrary and capricious evidentiary support to deny parole. Liberally construed, Petitioner's claims are sufficient to require a response.

## CONCLUSION

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of

1  all portions of the state parole record that have been transcribed previously and that are
2  relevant to a determination of the issues presented by the petition.
3      If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
4  with the Court and serving it on Respondent within **thirty days** of his receipt of the
5  answer.
6      3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
7  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
8  Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
9  with the Court and serve on Respondent an opposition or statement of non-opposition
10 within **thirty days** of receipt of the motion, and Respondent shall file with the Court and
11 serve on Petitioner a reply within **fifteen days** of receipt of any opposition.
12     4.    It is Petitioner's responsibility to prosecute this case. Petitioner is reminded
13 that all communications with the Court must be served on respondent by mailing a true
14 copy of the document to Respondent's counsel. Petitioner must keep the Court and all
15 parties informed of any change of address by filing a separate paper captioned "Notice of
16 Change of Address." He must comply with the Court's orders in a timely fashion.
17 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
18 to Federal Rule of Civil Procedure 41(b).
19     IT IS SO ORDERED.
20 DATED: 5/8/08
                                            JEREMY FOGEL
21                                          United States District Judge