1 EDMUND G. BROWN JR.
Attorney General of the State of California
2 DANE R. GILLETTE
Chief Assistant Attorney General
3 JULIE L. GARLAND
Senior Assistant Attorney General
4 ANYA M. BINSACCA
Supervising Deputy Attorney General
5 AMANDA J. MURRAY, State Bar No. 223829
Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
7   Telephone: (415) 703-5741
Fax: (415) 703-5843
8   Email: Amanda.Murray@doj.ca.gov

9 Attorneys for Respondent

10

11                 IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14

| | |
|---|---|
| **JESSE M. PLAZA,** | C08-1589 JF |
| Petitioner, | **RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN _HAYWARD_** |
| v. | |
| **BEN CURRY, Warden,** | Judge:     The Honorable |
| Respondent. | Jeremy Fogel |

20                          **INTRODUCTION**

21     Petitioner filed a Petition for Writ of Habeas Corpus, contending that his due process rights

22 were violated by the Board of Parole Hearings' 2005 decision finding him unsuitable for parole.

23 The Court ordered a response to the Petition.  On May 16, 2008, the Ninth Circuit granted en

24 banc review in _Hayward v. Marshall_, 512 F.3d 536 (9th Cir. 2008), _reh'g en banc granted_, __

25 F.3d __, 2008 WL 2131400 (9th Cir. filed May 16, 2008) and set oral argument June 24, 2008.

26 The en banc court in _Hayward_ may decide whether this Court has jurisdiction over this case, and

27 the appropriate standard to be applied if there is jurisdiction.  Therefore, Respondent requests a

28 stay of this case pending the issuance of the mandate in _Hayward_.

Req. for Stay                                                          _Plaza v. Curry_
                                                                       C08-1589 JF

1

**ARGUMENT**

2

**I.**

3
4
5

**THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD* BECAUSE BOTH THE BALANCE OF THE INTERESTS AND CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR GRANTING A STAY.**

6       A trial court has discretion to ensure the just and efficient determination of a case by

7   staying it pending the resolution of other proceedings where a stay would be "efficient for [the

8   court's] docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*,

9   593 F.2d 857, 863 (9th Cir. 1979). In determining whether to grant a stay, a court should

10  consider the possible damage that may result, the hardship or inequity that a party may suffer,

11  and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and

12  questions of law, that could result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d

13  1098, 1109, 1111 (9th Cir. 2005). A court should also take into account the existence of similar

14  cases that are pending in the same district court, and the probability that more are likely to be

15  filed. *Id.* Staying cases that are on the forefront of an issue provides a necessary delay, allowing

16  for resolution of the issues and resulting in uniform treatment of like suits. *Id.*

17       As the resolution of *Hayward* could significantly impact this case and numerous similar

18  cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, the

19  Court should exercise its discretion and stay this matter pending the issuance of the mandate in

20  *Hayward*.

21       A.       **Moving Forward with This Case Before the Finality of**
                   ***Hayward* Does Not Serve the Interest of Judicial Economy.**
22

23       Granting a stay in this case serves the interests of judicial order and economy. On May

24  16, 2008, the Ninth Circuit granted rehearing en banc in *Hayward*. (Ex. 1.) At issue before the

25  en banc panel in *Hayward* are two threshold issues which are necessary to the resolution of this

26  case: 1) whether California has created a federally protected liberty interest in parole for life

27  inmates, and 2) if a liberty interest is created, what process is due under clearly established

28  Supreme Court authority. Resolution of these issues could establish that Petitioner does not have

Req. for Stay

*Plaza v. Curry*
C08-1589 JF

2

1 a federally protected liberty interest in parole, potentially allowing the Court to dismiss his

2 claims for lack of jurisdiction without requiring briefing from the parties. Moreover, it would be

3 wasteful to proceed in this case without the Ninth Circuit's holdings in these matters, as the

4 parties would need to brief issues that will be decided en banc and then submit supplemental

5 briefing to apply the law as clarified in the en banc decision. The two rounds of pleadings may

6 unnecessarily complicate the matters raised and would impair the orderly course of justice.

7 Waiting for the resolution of *Hayward* would thus conserve Court resources, and prevent the

8 Court from having to revisit this matter if *Hayward* is modified or reversed.

9       A stay would also serve judicial order and economy by maintaining uniform treatment of

10 like suits, as once the law is settled it can be uniformly applied. In many habeas petitions

11 challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of

12 the cases until the resolution of *Hayward. See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v.*

13 *Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650;

14 *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-

15 17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.

16       Granting a stay would therefore conserve judicial resources and serve the Court's interest

17 in orderly managing these proceedings.

18       **B.**    **A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**

19       A stay of this case at the district level would not unfairly impose any additional or

20 otherwise avoidable hardship on Petitioner. As discussed above, if the parties proceed in this

21 case additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying

22 final resolution. Also, even if this court decides this case before *Hayward*, it is likely the losing

23 party will file an appeal, and that appeal may be delayed pending resolution of *Hayward*. (*See*

24 Arg. I.A.)

25 ///

26 ///

27 ///

28 ///

Req. for Stay

*Plaza v. Curry*
C08-1589 JF

1                          **CONCLUSION**

2          When the equities are balanced, the parties' interests and the interests of judicial economy

3   support staying this case pending the final resolution of *Hayward*.  Staying this case until

4   challenges to *Hayward* are resolved and that decision becomes final promotes the orderly

5   resolution of this matter, and will assist in maintaining uniformity of like suits pending before

6   this Court and similar cases that will be filed in the future.  Respondent therefore requests that

7   the Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*.

8          Dated:  May 31, 2008

9

                                   Respectfully submitted,

10
                                   EDMUND G. BROWN JR.
11                                 Attorney General of the State of California

                                   DANE R. GILLETTE
12                                 Chief Assistant Attorney General

13                                 JULIE L. GARLAND
                                   Senior Assistant Attorney General

14                                 ANYA M. BINSACCA
                                   Supervising Deputy Attorney General
15

16

17

18                                 AMANDA J. MURRAY
                                   Deputy Attorney General
19                                 Attorneys for Respondent

20

21   40258045.wpd
     SF2008401667
22

23

24

25

26

27

28

Req. for Stay                                                          *Plaza v. Curry*
                                                                       C08-1589 JF

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Plaza v. Curry**

No.:    **C08-1589 JF**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 2, 2008**, I served the attached

### RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN HAYWARD

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Jesse M. Plaza, H-12371**
**Correctional Training Facility**
**P.O. Box 689**
**ZW-302U**
**Soledad, CA 93960-0689**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 2, 2008**, at San Francisco, California.

| | |
|---|---|
| M.M. Argarin | _signature_ |
| Declarant | Signature |

40260512.wpd