NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE M. PLAZA, | ) | No. C 08-01589 JF (PR) |
| Petitioner, | ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | ) ) | |
| B. CURRY, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Board of Prison Terms ("the Board") to deny him parole. The Court found that the petition stated three cognizable claims and ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition. Petitioner did not file a traverse although he was given an opportunity to do so. Having reviewed the papers and the underlying record, the Court concludes that Petitioner is not entitled to relief based on the claims presented and will deny the petition.

///

///

# BACKGROUND

In 1991, Petitioner was sentenced to twenty-five years to life in state prison after his first degree murder conviction in the Los Angeles Superior Court. Petitioner challenges the Board's decision denying him parole after his May 1, 2006 parole suitability hearing. Petitioner filed habeas petitions in the state superior, appellate and supreme courts, all of which were denied as of January 23, 2008. Petitioner filed the instant federal habeas petition on March 24, 2008.

# DISCUSSION

## I. Standard of Review

This Court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-413 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" Id. at 409.  In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003).  The standard for "objectively unreasonable" is not "clear error" because "[t]hese two standards . . . are not the same.  The gloss of error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "results in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Where, as here, the highest state court to consider Petitioner's claims issued a summary opinion which does not explain the rationale of its decision, federal review under § 2254(d) is of the last state court opinion to reach the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991); Bains v. Cambra, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000).  In this case, the last state court opinion to address the merits of Petitioner's claims is the opinion of the California Superior Court for the County of Los Angeles.  (Resp't Ex. A, Ex. D (In re Jesse Plaza on Habeas Corpus, Case No. BH004502, Sept. 6, 2007).)

**II.     Legal Claims and Analysis**

As grounds for federal habeas relief, Petitioner alleges: (1) California Penal Code § 3041(b) creates a liberty interest at a parole suitability hearing and a "reasonable"

expectation of a release date based on the commanding word "shall;" and (2) the Board violated Petitioner's due process and equal protection rights under the Fifth and Fourteenth Amendments by misapplying parole suitability criteria and applying arbitrary and capricious evidentiary support to deny parole.

The Ninth Circuit has determined that a California prisoner with a sentence of a term of years to life with the possibility of parole has a protected liberty interest in release on parole and therefore a right to due process in the parole suitability proceedings. See McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002) (citing Board of Pardons v. Allen, 482 U.S. 369 (1987); Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1 (1979)). See also Irons v. Carey, 505 F.3d 846, 851 (9th Cir.), reh'g and reh'g en banc denied, 506 F.3d 951 (9th Cir. 2007); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir. 2006), reh'g and reh'g en banc denied, No. 05-16455 (9th Cir. Feb. 13, 2007); Biggs v. Terhune, 334 F.3d 910, 915-16 (9th Cir. 2003). Accordingly, Petitioner's first claim – that he has a liberty interest in parole – is consistent with Ninth Circuit precedent, and requires that the Board's decision comport with due process.

A parole board's decision must be supported by "some evidence" to satisfy the requirements of due process. Sass, 461 F.3d at 1128-29 (adopting "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)). The standard of "some evidence" is met if there was some evidence from which the conclusion of the administrative tribunal may be deduced. See Hill, 472 U.S. at 455. An examination of the entire record is not required, nor is an independent assessment of the credibility of witnesses nor weighing of the evidence. Id. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the Board. See id. Accordingly, "if the Board's determination of parole suitability is to satisfy due process there must be some evidence, with some indicia of reliability, to support the decision." Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005) (citing McQuillion, 306 F.3d at 904).

When assessing whether a state parole board's suitability determination was supported by "some evidence," the court's analysis is framed by the statutes and regulations governing parole suitability determinations in the relevant state. Irons, 505 F.3d at 850. Accordingly, in California, the court must look to California law to determine the findings that are necessary to deem a prisoner unsuitable for parole, and then must review the record in order to determine whether the state court decision constituted an unreasonable application of the "some evidence" principle. Id.

California Code of Regulations, title 15, section 2402(a) provides that "[t]he panel shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code of Regs., tit. 15, § 2402(a). The regulations direct the Board to consider "all relevant, reliable information available." Cal. Code of Regs., tit. 15, § 2402(b). Further, the regulations enumerate various circumstances tending to indicate whether or not an inmate is suitable for parole. Cal. Code of Regs., tit. 15, § 2402(c)-(d).[1]

Recently, the Ninth Circuit reheard en banc the panel decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, 527 F.3d 797 (9th. Cir. 2008), which presented a state prisoner's due process habeas challenge to the denial of parole. The panel opinion concluded that the gravity of the commitment offense had no

---

[1] The circumstances tending to show an inmate's unsuitability are: (1) the commitment offense was committed in an "especially heinous, atrocious or cruel manner;" (2) previous record of violence; (3) unstable social history; (4) sadistic sexual offenses; (5) psychological factors such as a "lengthy history of severe mental problems related to the offense;" and (6) prison misconduct. Cal. Code of Regs., tit. 15, § 2402(c). The circumstances tending to show suitability are: (1) no juvenile record; (2) stable social history; (3) signs of remorse; (4) commitment offense was committed as a result of stress which built up over time; (5) Battered Woman Syndrome; (6) lack of criminal history; (7) age is such that it reduces the possibility of recidivism; (8) plans for future including development of marketable skills; and (9) institutional activities that indicate ability to function within the law. Cal. Code of Regs., tit., 15 § 2402(d).

1  predictive value regarding the petitioner's suitability for parole and held that the
2  governor's reversal of parole was not supported by some evidence and resulted in a due
3  process violation. 512 F.3d at 546-47. The Ninth Circuit has not yet issued an en banc
4  decision in Hayward.

5        Unless or until the en banc court overrules the holdings in Biggs, Sass, and Irons, it
6  remains the law in this circuit that California's parole scheme creates a federally
7  protected liberty interest in parole and therefore a right to due process, which is satisfied
8  if some evidence supports the Board's parole suitability decision. Sass, 461 F.3d at 1128-
9  29. These cases also hold that the Board may rely on immutable events, such as the
10 nature of the conviction offense and pre-conviction criminality, to find that the prisoner is
11 not currently suitable for parole. Id. at 1129. Biggs and Irons also suggest, however, that
12 over time, the commitment offense and pre-conviction behavior become less reliable
13 predictors of danger to society such that repeated denial of parole based solely on
14 immutable events, regardless of the extent of rehabilitation during incarceration, could
15 violate due process at some point after the prisoner serves the minimum term on his
16 sentence. See Irons, 505 F.3d at 853-54.

17       The record shows that on May 1, 2006, petitioner appeared with counsel before the
18 Board for a parole consideration hearing. (Resp't Ex. A, Ex. A; Hr'g Tr.) The presiding
19 commissioner explained that in assessing whether petitioner was suitable for parole, the
20 Board would consider the number and nature of the commitment offense, Petitioner's
21 prior criminal and social history, and behavior and programming during imprisonment.
22 (Id. at 5.) The commissioner also explained that petitioner would be given an opportunity
23 to correct or clarify anything in his central file, (id.), and that petitioner and his counsel
24 would be given the opportunity to make final statements regarding petitioner's parole
25 suitability, (id. at 6). Finally, the commissioner confirmed with petitioner and his counsel
26 that they had no objections to the Board members. (Id. at 7.)

27       After deliberations, the Board concluded that Petitioner "is not suitable for parole
28 and would pose an unreasonable risk of danger to society or a threat to public safety if

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.08\Plaza01589_denyHC-parole.wpd
6

released from prison." (Id. at 89.) The Board observed that the commitment offense was carried out "in an especially cruel and callous manner" and "in a calculated manner." (Id.) Petitioner was the driver in a drive-by shooting in which the victim was shot and killed in retaliation between rival gangs. (Id.) The Board noted the state appellate opinion stating that Petitioner was "driving slowly with his lights out thus eliminating attention to his approaching car was strong evidence of prior planning" and that "[t]he approach without lights is factually similar to lying in waiting an illustrates a deliberate plan by the occupants of the car to approach the victim unnoticed so that the killing could be accomplished from a position of surprise and advantage." (Id. at 89-90.) The Board found that the crime was cruel and callous because the victim was unarmed and vulnerable. (Id. at 92.) The Board found the motive for the crime was "very trivial in that it was a gang related shooting." Id. at 90.) The next major factor in the Board's decision was Petitioner's lack of remorse; the Board found that Petitioner was "minimizing [his] involvement in the crime by not knowing exactly what happened to the victim" and that his taking responsibility for the crime was "superficial." (Id. at 91.)

The Board acknowledged the presence of several factors tending to show suitability: 1) insignificant prior criminal record; 2) good programming while incarcerated; 3) lack of disciplinary actions; 4) favorable psychiatric evaluations; and 5) favorable parole plans. (Id. at 90.) However, the Board concluded that Petitioner's "gains were recent" and that he needed to "have more time" to take full responsibility for the crime and feel remorse for the victim. (Id. at 92-93.)

In its order denying habeas relief, the state superior court determined that the record contained some evidence to support the Board's finding that Petitioner was unsuitable for parole. The court made the following observations, noting that the Board based its decision primarily upon Petitioner's commitment offense:

> The Court finds that there is some evidence to support the Board's finding that the Petitioner's offense was carried out in a calculated and dispassionate manner. Cal. Code Regs., tit. 15, § 2402, subd. (c)(1)(B). The Petitioner drove slowly with his headlights turned off, so as to avoid detection as he approached the victim. This demonstrates that the shooting

was planned and that the Petitioner was deliberately driving toward the victim for that purpose. Additionally, the Petitioner's accomplice was armed with a gun for the purpose of shooting the victim. Regardless of whether the Petitioner himself shot the victim, he was acting in concert with his accomplice and, therefore, the shooting is imputed to him.

The Court also finds that there is some evidence to support the Board's finding that the Petitioner's motive was trivial in relation to the offense. Cal. Code Regs., tit. 15, § 2402, subd. (c)(1)(B). The Petitioner and his accomplice shot the victim merely because he was a rival gang member. There is no evidence that the victim had threatened or harmed the Petitioner in any way. Gang rivalry is a very trivial motive for killing a man.

(Resp't Ex. A, Ex. D at 1-2.)

The state superior court found that the Board properly considered the nature of Petitioner's commitment offense in its decision to deny parole. See In re Rosenkrantz, 29 Cal. 4th 616, 682-83 ("the [Board] properly may weigh heavily the degree of violence used and the amount of viciousness shown by a defendant"). Based on its consideration of the commitment offense, the Board found that Petitioner remained an "unreasonable risk of danger to society if released from prison." Cal. Code of Reg., tit. 15, § 2402(a); see *supra* at 6. Accordingly, the Board's findings are supported by "some evidence," and the evidence underlying the Board's decision has some "indicia of reliability." Biggs, 334 F.3d at 915 (citing McQuillion, 306 F.3d at 904).

This Court agrees with the state court that the commitment offense was carried out in "an especially heinous manner" pursuant to Cal. Code of Reg. tit. 15, § 2402(c)(1)(C) in light of the fact that the Petitioner acted in concert with another gang member in a drive-by shooting of an unarmed rival gang member solely for gang retaliation. The state court properly used the commitment offense as a factor tending to show unsuitability for parole which constitutes some evidence supporting the Board's decision to deny parole. See Sass, 469 F.3d at 1129; see also Irons, 505 F.3d at 665. Petitioner's claim that his rights to due process and equal protection were violated because the Board "misapplied parole suitability criteria and applied arbitrary and capricious evidentiary support" to deny parole is without merit.

This Court concludes that Petitioner's constitutional rights were not violated by the

1  Board's decision to deny parole.  Accordingly, the state courts' decisions denying
2  Petitioner's claims were not contrary to, or an unreasonable application of, clearly
3  established Supreme Court precedent, nor were they based on an unreasonable
4  determination of the facts in light of the evidence presented.  <u>See</u> 28 U.S.C. § 2254(d)(1),
5  (2).

## CONCLUSION

The Court concludes that Petitioner has failed to show any violation of his federal constitutional rights in the underlying state court proceedings and parole hearing. Accordingly, the petition for writ of habeas corpus is DENIED.

IT IS SO ORDERED.

Dated:  10/1/09

JEREMY FOGEL
United States District Judge

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.08\Plaza01589_denyHC-parole.wpd

9

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE M. PLAZA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>BEN CURRY, Warden,<br><br>　　　　　Respondent.<br>_____ / | Case Number: CV08-01589 JF<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____10/5/09_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesse M. Plaza H-12371
Correctional Training Facility
P.O. Box 689
ZW-302U
Soledad, CA 93960-0689

Dated: _____10/5/09_____

　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk